|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **AGREEMENT** |
| v. | ) | **TO REVOKE SUPERVISED RELEASE** |
| | ) | **WITHOUT A HEARING** |
| | ) | **AND** |
| JOSEPH BRIAN CARTER | ) | **REVOCATION JUDGEMENT** |
| | ) | |

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant, Joseph Brian Carter, for good cause shown and based on agreement of the parties as set forth herein:

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive the right to a revocation hearing by knowingly and voluntarily admitting the violations outlined in a motion for revocation. See Fed. R. Crim. P. 32.l(b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. See Farrell, 393 F.3d at 500. United States v. Stehl, 665 F.2d 58, 58-60 (4th Cir. 1981); see also Fed. R Crim. P. 32.l(c)(1)-(2).

## ADMISSION OF VIOLATIONS

The defendant knowingly and voluntarily admits to the violations in the Motion for Revocation filed December 1, 2025. The Government can prove by a preponderance of the evidence violations have occurred. The defendant further stipulates the evidence in this matter is both sufficient and likely to result in a finding that the conditions of supervised release have been violated. Specifically, the defendant has committed the following violations of supervised release:

| | | |
|---|---|---|
| 1. | Criminal conduct. | Grade B Violation |
| 2. | Possessing a firearm or other destructive device. | Grade C Violation |

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges reviewing with counsel 1) the notice of the alleged violations of supervised release and 2) the evidence related to each.

The defendant further acknowledges being aware of the following rights and is knowingly waiving them:

1. The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2. The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

The defendant acknowledges the Court may revoke, modify, or impose additional conditions of supervised release in addition to those which were imposed in the original sentencing order.

## STIPULATIONS AND RECOMMENDATIONS

Pursuant to U.S.S.G. Chapter 7 Policy Statements, the parties stipulate the defendant's violations are a maximum Grade B with a criminal history category II. According to U.S.S.G. § 7C1.5, a Grade B violation and a criminal history category II produces an imprisonment range of 6 to 12 months. The court has the statutory authority to impose an active sentence of up to 60 months, if deemed appropriate.

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the parties agree and recommend that the defendant **be revoked and imprisoned for a term of nine months,** with no supervision to follow. If the Court rejects this sentence, each party has the right to withdraw from this Agreement and have an evidentiary hearing on the revocation of supervised release.

_____
Joseph Brian Carter, Defendant

2-12-26
Date

_____
Aaron Davison, Attorney for Defendant

2/12/2026
Date

_____
John P. Newby, Assistant U.S. Attorney

2/12/2026
Date

RECOMMENDED BY U.S. PROBATION:

_____
Carlton Timberlake, U.S. Probation Officer

**2/12/2026**
Date

_____
Melissa K. Lunsmann, Supervising U.S. Probation
Officer

2/12/2026
Date

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the supervised release term heretofore granted be revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a term of nine months, with no supervision to follow.

**IT IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Order and same shall serve as the commitment herein.

SO ORDERED. This __13__ day of __February__ 2026.

_____
James C. Dever III
U.S. District Judge